# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KWAME LOFLAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 23-530-JLH |
| | ) |
| DR. YOUNG, WILLIAM NGWA, | ) |
| CLAYTON RAAB, DR. BALLARD, | ) |
| VITALCORE HEALTH STRATEGIES | ) |
| LLC, MIKE RECORDS, DR. | ) |
| SINGAREDDY, CENTURION HEALTH | ) |
| CARE SERVICE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Kenneth L. Dorsney, Cortlan S. Hitch, MORRIS JAMES LLP, Wilmington, DE.

   *Attorneys for Plaintiff Kwame Lofland.*

Dawn C. Doherty, Brett T. Norton, MARKS, O'NEILL, O'BRIEN, DOHERTY & KELLY, P.C., Wilmington, DE.

   *Attorneys for Defendants William Ngwa and Centurion Health Care Services.*

Andrew A. Ralli, LEWIS BRISBOIS BISGAARD & SMITH LLP, Wilmington, DE. Cheryl Wilke, LEWIS BRISBOIS BISGAARD & SMITH LLP, Ft. Lauderdale, FL.

   *Attorneys for Defendants Vitalcore Health Strategies LLC, Clayton Raab, and Dr. Singareddy.*

Julia Mayer, DELAWARE DEPARTMENT OF JUSTICE, Wilmington, DE.

   *Attorney for Defendant Mike Records.*

Wilmington, Delaware
March 11, 2025

**JENNIFER L. HALL, U.S. DISTRICT JUDGE**

Plaintiff Kwame Lofland, an inmate at James T. Vaughn Correctional Center in Smyrna, Delaware, filed a Complaint on May 17, 2023, pursuant to 42 U.S.C. § 1983. (D.I. 3.) On September 20, 2023, Plaintiff filed an Amended Complaint. (D.I. 9.) On November 27, 2023, Plaintiff filed a Second Amended Complaint, which added defendants and asserted additional causes of action. (D.I. 13.) On March 22, 2024, Plaintiff filed a Second Motion for Appointment of Counsel. (D.I. 34.) The Court granted that motion on April 4, 2024, and simultaneously denied Plaintiff's other pending motions without prejudice. (D.I. 39.)

Through counsel, Plaintiff filed an Unopposed Motion for Leave to File a Third Amended Complaint (D.I. 52) along with a request for the complaint to be filed under seal. (D.I. 53.) The Court granted both motions. (*See* D.I. 54, 55.) On May 23, 2024, Plaintiff filed the Third Amended Complaint. (D.I. 56 ("Compl.").) Defendants William Ngwa, Dr. Clayton Raab, Dr. Singareddy, Michael Records, VitalCore Health Strategies LLC ("VitalCore"), and Centurion Health Care Services ("Centurion")[1] have all moved to dismiss the Third Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] (D.I. 67 (Ngwa and Centurion), 71 (Records), 72 (Singareddy, Raab, and VitalCore).) For the reasons explained below, the motions to dismiss will be granted.

**I.      BACKGROUND**

Plaintiff alleges that Defendants violated his Eighth Amendment rights by failing to provide a tonsillectomy for his persistent throat pain and recurring tonsil stones. He claims that individual Defendants William Ngwa, Dr. Clayton Raab, Dr. Singareddy, and Michael Records

---

[1] Centurion Healthcare Service's actual name is "Centurion of Delaware, LLC." (D.I. 68 at 1.)

[2] Named Defendants "Dr. Young" and "Dr. Ballard" have not appeared in this action.

2

denied or obstructed his care and that corporate Defendants VitalCore and Centurion enforced cost-saving policies that deprived him of tonsillectomy surgery.

Plaintiff attached hundreds of pages of documents—including his medical records and grievance records—to the Third Amended Complaint. (Compl., Ex. A–D.) For purposes of resolving the motions to dismiss, the Court considers those documents, *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997), and assumes that the following facts alleged in the Third Amended Complaint are true.

On July 2, 2022, Plaintiff sought treatment for throat and ear pain. (Compl. ¶ 15.) At that time, Defendant Centurion was the Delaware prison healthcare provider. (*Id.* ¶¶ 13, 28.) Defendant Ngwa, a nurse practitioner, conducted a throat culture, which was positive for a bacterial infection, and prescribed antibiotics. (*Id.* ¶ 16.) On August 23, 2022, Plaintiff reported that he was having difficulty breathing. (*Id.* ¶ 17.) He was transported to Kent General Hospital, diagnosed with viral pharyngitis and postnasal drip, and prescribed additional antibiotics. (*Id.*)

On September 29, 2022, Ngwa submitted a request for Plaintiff to receive an offsite consultation with an Ear, Nose, and Throat provider (ENT). (*Id.* ¶ 19.) Plaintiff was evaluated by an offsite ENT on December 8, 2022. (*Id.* ¶ 20.) According to Plaintiff's medical records, the ENT "recommended salt water and possible tonsillectomy if condition is still bothersome." (*Id.*, Ex. A at 69.) Upon returning to prison, Plaintiff verbally reported to Ngwa that the offsite ENT told him he had tonsil stones, which would eventually require surgery. (*Id.* ¶ 20, Ex. A at 72.) However, the medical records attached to the Third Amended Complaint do not reflect that the offsite ENT recommended a tonsillectomy at that time. (*Id.*, Ex. A at 72.)

In the subsequent weeks, Plaintiff continued to complain about throat pain and requested a tonsillectomy. Ngwa submitted a consultation request for a tonsillectomy. (*Id.*, Ex. A 69–72.) In January 2023, Defendant Dr. Ballard denied the request, stating:

> Medical appropriateness unclear for tonsillectomy as not enough info provided to determine indication as well as all on site treatments may not have been utilized. Per UpToDate, in Tonsillectomy in adults: Indications, the favor referring adults for tonsillectomy if they have had 3 episodes yearly for 3 or more years, 5 episodes yearly for two years, or 7 episodes in one year. Each episode should be clearly documented with one or more of the following: temperature greater than 38.3 degrees Celsius, cervical adenopathy, tonsillar exudate or + test for group A strep. If patient does not meet these recommendations, consider H2 blockers, PPIs for possible sore throat due to acid reflux or anti-histamines if the sore throat may be due to post-nasal drip. Consider checking inflammatory markers such as CBC, ESR, CRP to ensure the sore throat is not due to a malignant process.

(*Id.* ¶ 21, Ex. A at 62.)

On February 22, 2023, Plaintiff reported throat pain. (*Id.*, Ex. A at 64.) Ngwa examined Plaintiff's tonsils and determined they were "normal." (*Id.*) Nevertheless, Ngwa submitted another consult request for a tonsillectomy. (*Id.* ¶ 23, Ex. A at 64.) On March 7, 2023, Defendant Dr. Young denied the request for a consult, stating, "[i]f tonsils are normal there is no medical need [for] tonsillectomy." (*Id.* ¶ 24, Ex. A at 55.) Plaintiff filed a medical grievance to challenge the denial of a tonsillectomy consult. (*Id.* ¶ 25, Ex. B.) On April 17, 2023, Defendant Michael Records, Chief of the Bureau of Healthcare Services, reviewed the records provided and denied the grievance. (*Id.* ¶ 27, Ex. B at 11.)

In July 2023, VitalCore replaced Centurion as the Delaware prison healthcare provider. (*Id.* ¶ 28.) On July 24, 2023, Ngwa referred Plaintiff to Dr. Raab, the new prison medical director, for further evaluation. (*Id.* ¶ 29.) Plaintiff alleges that, during a visit with Ngwa and Raab on August 9, 2023, Raab told Plaintiff to "stop complaining and deal with [the tonsil pain]." (*Id.*

4

¶ 30.) However, Plaintiff's contemporaneous medical records show that he was referred for a follow-up consultation with an offsite ENT. (*Id.* ¶¶ 30, 31, Ex. A at 40.)

On January 10, 2024, Plaintiff was evaluated by a new offsite ENT, Dr. Catherine Wright. (*Id.* ¶ 34.) Dr. Wright reported that Plaintiff's tonsils were small and non-inflamed and that tonsil stones were not causing Plaintiff's sore throats, which were likely due to reflux. (*Id.* ¶ 34, Ex. A at 14.) Dr. Wright explained to Plaintiff in "lengthy detail" that "tonsil stones can be a criteria for tonsillectomy, but that this is an elective procedure" and that she "would not recommend removing [Plaintiff's] tonsils because this is not going to solve his sore throats or his ear pain." (*Id.*, Ex. A at 14–15.)

Plaintiff later submitted another request for a tonsillectomy, which was denied by Defendant Dr. Singareddy on April 21, 2024. (*Id.* ¶ 37.)

Plaintiff alleges that Defendants VitalCore and Centurion "have exhibited a practice and custom of delaying inmates' access to medical care, including [Plaintiff], by denying his access to a tonsillectomy." (*Id.* ¶ 41.) Plaintiff further alleges that VitalCore's and Centurion's contracts with the state contain several policies directed towards reducing the costs of care to inmates. (*Id.* ¶¶ 42, 43.)

## II.    LEGAL STANDARDS

Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A possibility of relief is not enough. *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops

5

short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In determining the sufficiency of the complaint under the plausibility standard, all "well-pleaded facts" are assumed to be true, but legal conclusions are not. *Id.* at 679. "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Twombly*, 550 U.S. at 558 (internal marks omitted).

To set forth a cognizable Eighth Amendment claim for inadequate medical care, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Prison authorities, however, are "accorded considerable latitude in the diagnosis and treatment of prisoners," *Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993), and "disagreement as to the proper medical treatment" does not give rise to a constitutional violation, *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004). *See also Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) ("A prisoner does not have the right 'to choose a specific form of medical treatment.'" (*citing Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000))).

In advancing a § 1983 claim against a prison official, a plaintiff must allege facts to show the defendant's personal involvement in the alleged misconduct. *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020).

### III. DISCUSSION

#### A. The Individual Defendants

For purposes of ruling on the pending motions, the Court assumes that Plaintiff's ongoing throat pain (which Plaintiff thinks is a result of tonsil stones) qualifies as a serious medical need. But the facts alleged in the Third Amended Complaint and attached exhibits do not plausibly suggest that the individual Defendants acted with deliberate indifference to that need by failing to provide Plaintiff a tonsillectomy. Plaintiff is plainly disappointed that he has not received the tonsillectomy that he thinks he needs, but there is nothing in the record to suggest an Eighth Amendment violation, as opposed to a mere disagreement over the proper medical treatment for his alleged throat pain.

Starting with Defendant Ngwa, the allegations in the Third Amended Complaint and attached medical records reflect that he referred Plaintiff for an ENT consult and/or a tonsillectomy consult on multiple occasions. There are no allegations plausibly suggesting that Ngwa was indifferent to Plaintiff's medical needs.

The same goes for Defendant Raab. He referred Plaintiff for a consult with an outside ENT, who concluded that a tonsillectomy was contraindicated.[3]

Turning to Defendant Records, the sole allegation against him is that he denied Plaintiff's medical grievance challenging the denial of his request for a tonsillectomy consult. But a prison administrator is not considered deliberately indifferent merely because he denies a grievance

---

[3] Even assuming that Raab made the alleged dismissive comment, verbal dismissiveness alone does not amount to deliberate indifference unless it is accompanied by a refusal to provide necessary medical care that results in harm. *See Ringgold v. Lamby*, 565 F. Supp. 2d 549, 553 (D. Del. 2008) ("The United States Court of Appeals for the Third Circuit has found it to be 'well settled that verbal harassment of a prisoner, although deplorable, does not violate the Eighth Amendment.'" (quoting *Robinson v. Taylor*, 204 Fed. Appx. 155, 156 (3d Cir.2006))).

appeal based on the recommendations of medical staff. Plaintiff has alleged no facts suggesting that Records had a reason to believe that Plaintiff was not being treated appropriately. *See, e.g., Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004) ("[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference.").

The only factual allegation against Defendant Dr. Singareddy is that he denied Plaintiff's request for a tonsillectomy on April 21, 2024. That is not enough to plausibly suggest deliberate indifference, as the other allegations and documents attached to the Third Amended Complaint demonstrate that an offsite ENT had previously recommended that Plaintiff should not undergo a tonsillectomy.[4]

### B.     Defendants VitalCore and Centurion

A private company providing prison medical services under contract may be liable under § 1983 where it has a custom or policy (or lack thereof) that amounts to deliberate indifference. *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 584 (3d Cir. 2003); *see Francis v. Carroll*, 659 F. Supp. 2d 619, 625–26 (D. Del. 2009) ("[A]lthough a private corporation offering medical services to inmates cannot be held liable for an alleged § 1983 violation under a theory of

---

[4] Although Defendants Drs. Young and Ballard have not yet appeared in this action, the Third Amended Complaint likewise does not allege sufficient facts to suggest that either acted with deliberate indifference. Plaintiff alleges that Ballard denied his request for a tonsillectomy in January 2023 and proposed an alternative treatment. That is not enough to plausibly allege deliberate indifference, as the other allegations and documents attached to the Third Amended Complaint reflect that Plaintiff was seen by an offsite ENT specialist one month prior, who recommended gargling with salt water.
Plaintiff alleges that Young denied his request for a tonsillectomy on March 7, 2023. That is not enough to plausibly suggest deliberate indifference, as the other allegations and documents attached to the Third Amended Complaint demonstrate that Dr. Ngwa had recently examined Plaintiff's tonsils and reported that they were normal.

*respondeat superior*, it can be held liable for a policy or custom that demonstrates deliberate indifference.") (internal quotation marks omitted). To state such a claim, Plaintiff must identify a relevant policy and plausibly allege facts suggesting that treatment was withheld as a direct result of that policy. *See Natale*, 318 F.3d at 583–84.

Plaintiff contends that Defendants VitalCore and Centurion maintained a policy or custom of delaying medical care to save costs. (Compl. ¶¶ 41–43). Even if that were true, Plaintiff hasn't alleged sufficient facts to plausibly suggest that he was denied a tonsillectomy as a result of such a policy.

## IV.    CONCLUSION

For the reasons set forth above, the pending motions to dismiss (D.I. 67, 71, 72) will be GRANTED. Any motion for leave to amend must be filed within 14 days.